**YAN ZHENG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales,[1] Attorney General, Respondents.**

No. 04–5791–ag.

United States Court of Appeals, Second Circuit.

Feb. 20, 2007.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

David X. Feng, New York, New York, for Petitioner.

Robert C. Balfe, United States Attorney, Western District of Arkansas; Deborah J. Groom, Assistant United States Attorney, Fort Smith, Arkansas, for Respondents.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Yan Zheng, a native and citizen of the People's Republic of China, seeks review of an October 7, 2004 order of the BIA affirming the July 14, 2003 decision of Immigration Judge ("IJ") Alan A. Vomacka denying Zheng's applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Yan Zheng*, No. A 78 945 921 (B.I.A. Oct. 7, 2004), *aff'g* No. A 78 945 921 (Immig. Ct. N.Y. City July 14, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, this Court reviews the IJ's decision as

the final agency determination. *See, e.g.,* *Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, upholding them if they are supported by "reasonable, substantial, and probative evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks omitted).

◼ As an initial matter, we dismiss the petition for review with respect to Zheng's asylum claim because, as the IJ found and Zheng conceded, her application was not filed within one year of her arrival in the United States. *See* 8 U.S.C. § 1158(a)(2)(B). Moreover, Zheng has abandoned any challenge to the IJ's denial of her CAT claim by failing to discuss the IJ's basis for rejecting this claim anywhere in her brief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

◼ Substantial and material inconsistencies among Zheng's I–589 form, her testimony before the IJ, and the documents she submitted support the IJ's adverse credibility determination. Zheng's testimony and the birth certificate she submitted indicate that Zheng gave birth to a son on June 1, 1995. Before the IJ, Zheng testified that she left her village for Shanghai when her son was approximately two months old because she had received a notice from family planning officials ordering her to report for sterilization and to pay an outstanding fine. This would indicate she left her village in August 1995, but the family planning notices she submitted into evidence were dated July and August 1996, respectively, when her son would have been approximately fourteen months old. The IJ properly relied on this

discrepancy as well as the inconsistency between Zheng's testimony that she stayed in Shanghai for over a year, and her testimony that she did not leave for Shanghai until after she received the notices from the family planning office. The interval between the dates of the notices and her departure from China in December 1996, during which time she purportedly remained in Shanghai, was considerably less than a year.

The IJ reasonably concluded that these discrepancies were not minor because it is implausible that Zheng could be mistaken whether her child was two months old or fourteen months old when she last saw him, which therefore cast doubt on the veracity of her story in its entirety. Because these discrepancies involved the crux of Zheng's claim that she fled China after she received an order for sterilization, they provide substantial support for the IJ's adverse credibility finding. *See Secaida–Rosales,* 331 F.3d at 308. Therefore, the agency properly found that Zheng failed to demonstrate a clear probability of persecution if returned to China.

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. Zheng's pending motion for a stay of removal is DENIED as moot.